**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Brousseau,<br><br>   Plaintiff,<br><br>v.<br><br>State of Arizona,<br><br>   Defendant. | No. CV-18-08106-PCT-JJT<br><br>**ORDER** |

At issue is Plaintiff Joseph Brousseau's Response (Doc. 38) to the Order to Show Cause (Doc. 36), to which Defendant State of Arizona filed a Response (Doc. 41).

On May 21, 2018, the day Plaintiff filed his Complaint (Doc. 1), the Court entered a Notice (Doc. 4) informing the parties of their obligation to comply with District of Arizona General Order 17-08 (as amended October 13, 2017) as part of the Court's participation in the Mandatory Initial Discovery Pilot (MIDP). On August 21, 2018, Defendant filed its Answer (Doc. 19) to Plaintiff's Amended Complaint (Doc. 17), triggering the parties' obligations to provide mandatory initial responses under the MIDP by September 20, 2018. (Gen. Order 17-08 ¶ A(6).) On that date, Defendant met the requirement of filing its Notice of Service of Responses to MIDP on the docket (Doc. 21), but Plaintiff did not. In Defendant's Rule[1] 26(f) Proposed Case Management Plan (Doc. 23), which Plaintiff failed to jointly complete as required by the Court (Doc. 20), Defendant

---

[1] In this Order, "Rule" refers to the Federal Rules of Civil Procedure unless otherwise indicated.

informed the Court that Plaintiff had still failed to serve his MIDP responses as of October 2, 2018 (Doc. 23 at 6).

At the October 9, 2018, Rule 16 Scheduling Conference (Doc. 27), the Court noted Plaintiff's failure to serve sufficient MIDP responses, to which Plaintiff's counsel responded that she would serve the responses by October 12, 2018. More than two weeks after that date, when Plaintiff still had not served the required MIDP responses, Defendant filed a Motion for an Order to Show Cause (Doc. 29). In response, Plaintiff's counsel took "complete responsibility for the delay in serving Defendant with the [MIDP] responses." (Doc. 32 at 2.) Plaintiff's counsel, Ms. Foley, stated that she was the only attorney in the office until recently, she "faced two deaths in the family, a minor car accident and an unrelated health issue," and her office moved to a new location, causing a temporary shutdown. (Doc. 32 at 2.) In his reply, Defendant reported that as of November 15, 2018—two months after the MIDP responses were due—Plaintiff still had not served satisfactory responses. (Doc. 35 at 5.) On November 21, 2018, the Court granted Defendant's Motion and ordered Plaintiff to file a brief "providing the reasons the Court should not enter sanctions for failure to timely comply with his discovery obligations and addressing the deficiencies identified by Defendant" by December 3, 2018 (Doc. 36).

General Order 17-08 specifically states that "Rule 37(b)(2) shall apply to mandatory discovery responses required by this order." (Gen. Order 17-08 ¶ A(11).) That Rule provides for sanctions if a party fails to obey a discovery order and states that the Court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(A), (C).

In its brief on the Court's Order to Show Cause, Plaintiff's counsel contends her failure to timely serve the MIDP responses was due to "excusable neglect" under Rule 60(b)(1) but does not make any argument that her failure was "substantially justified" under the applicable standard, Rule 37(b)(2)(C). (Doc. 38 at 2.) Specifically, Plaintiff's counsel

contends without applicable legal citation that Defendant was not prejudiced by the delay in Plaintiff's MIDP responses, that the deficiencies identified by Defendant on November 15, 2018, were regarding form rather than substance, that the reasons for the delay are understandable, and that Plaintiff's counsel did not act in bad faith. (Doc. 38 at 3–5.)

That is not how the MIDP works. The document implementing the MIDP in this District, the "Mandatory Initial Discovery Users' Manual for the District of Arizona," states repeatedly that the disclosures required under the MIDP differ significantly from those required under the Federal Rules of Civil Procedure, that the Court requires strict compliance with the MIDP disclosure obligations, and that the Court will strictly enforce the disclosure deadlines set forth in General Order 17-08. For example, the Users' Manual provides:

> MIDP courts will vigorously enforce the requirement to provide mandatory initial discovery responses through the imposition of sanctions if appropriate under the Federal Rules of Civil Procedure. (¶ A(2)(h).)
>
> The MIDP is designed to have very few exceptions. Courts should not excuse parties from their obligation to provide timely discovery responses under the MIDP. (¶ B(2).)
>
> The General Order is framed as court-ordered discovery that is designed to accelerate the disclosure of relevant information that would be produced later in the litigation in response to traditional discovery requests. The requirement that all responses include information relevant to the claims and defenses, rather than being limited to information the party intends to use in support of its claims or defenses, is a significant change from Rule 26(a). (¶ C(1)(d)(1).)
>
> [Disclosed information] must provide sufficient detail to be meaningful and must not be evasive or incomplete. At the same time, the disclosures need not be so detailed that they would impose on the responding party disproportionate burden or expense, considering the needs of the case. There is no formula for deciding where the line must be drawn. Rules 1 and 26(b)(1) provide the Court and the parties with the performance standard, but the facts unique to each case will control the scope of disclosures. Parties that follow the "Golden Rule" should have no difficulty making reasonableness determinations that are consistent with Rule 1 and Rule 26(b)(1) and the aims of the MIDP. (¶ D(6).)

General Order 17-08 also provides that the mandatory initial disclosure deadline "may be deferred, one time, for 30 days if the parties jointly certify to the Court that they are seeking to settle the case and have a good faith belief that it will be resolved within 30 days of the due date of their responses, and the Court approves the deferral." (Gen. Order 17-08 ¶ A(6).)

Here, Plaintiff's counsel fell short of meeting the mandatory initial disclosure obligations under the MIDP in every aspect. Plaintiff did not file a motion with the Court requesting a 30-day extension to the disclosure deadline as provided for by the General Order,[2] nor did substantial justification, such as good faith settlement negotiations with Defendant, exist for an extension to the deadline.[3] Even if Plaintiff had properly obtained an extension to the disclosure deadline, Plaintiff filed the first disclosure even arguably sufficient under the MIDP on October 31, 2018—well past 30 days beyond the deadline provided in General Order 17-08. And even if prejudice to Defendant were the principal inquiry, the Court disagrees that Defendant was not prejudiced by Plaintiff's delay. On the contrary, Plaintiff's failure to provide timely disclosures including, for example, the facts relevant to and legal theories underlying each claim (Gen. Order ¶ B(4)), caused a day-for-day delay in Defendant's preparation of its case. Moreover, one of the main goals of the MIDP is to promote the "just, speedy, and inexpensive determination of every action" under Rule 1, and that goal is thwarted by allowing late initial disclosures.

Finally, the Court also agrees with Defendant that Plaintiff's latest initial disclosures are not fully satisfactory. With regard to providing the facts relevant to each claim,

---

[2] To the extent the Court heard argument on Plaintiff's tardy disclosures at the Scheduling Conference on October 9, 2018—already more than two weeks after the disclosures were due—Plaintiff's counsel represented that she would make compliant disclosures by October 12, 2018. The record shows she did not.

[3] In the Response to the Order to Show Cause, Plaintiff's counsel states that she "has submitted an Offer of Judgment" and "the parties have engaged in settlement negotiations since the beginning of this matter." (Doc. 38 at 5.) Defendant disputes that the parties have entered into good faith settlement negotiations (Doc. 41), and Plaintiff withdrew the Notice of Offer of Judgment (Doc. 37) after Defendant moved to strike it as improper under Rule 68 for having been filed before acceptance and, in any event, by a plaintiff instead of defendant (Docs. 40, 42).

Plaintiff's disclosure lacks sufficient detail—a flaw characterized by Plaintiff's repeated use of the passive tense in the disclosure. For example, Plaintiff states he "frequently endured derogatory comments and hostility when the topic of Orthodoxy was raised." (Doc. 35-1, Pl.'s Initial Disclosure Statement Pursuant to MIDP at 6 (Oct. 31, 2018); *see also* Doc. 38-1, Pl.'s Supp. Disclosure Statement Pursuant to MIDP at 9 (Dec. 3, 2018).) Among other things, the disclosure lacks facts as to who said (or wrote) what to whom, and when.

The Court will therefore require Plaintiff to supplement the mandatory initial disclosures to provide compliant responses under the MIDP within ten days of the date of this Order. Because Plaintiff's counsel failed to meet the mandatory initial discovery obligations under the MIDP without substantial justification, the Court will award sanctions to Defendant under Rule 37(b)(2). Plaintiff's counsel shall pay Defendant's reasonable expenses, including attorney's fees, for Defendant's efforts to obtain adequate initial disclosures from Plaintiff under the MIDP from September 24 to December 10, 2018. The Court will also permit Defendant to move for an extension of the case management deadlines, as required, based on Plaintiff's tardy initial disclosures under the MIDP.

IT IS THEREFORE ORDERED that Plaintiff shall supplement the mandatory initial disclosures to provide compliant responses under the MIDP by January 29, 2019.

IT IS FURTHER ORDERED that Defendant shall file an application for attorney's fees and costs, as limited in this Order, by January 29, 2019. Because the Court has already determined Defendant's eligibility and entitlement to attorney's fees and costs, within the limits prescribed above, Defendant need only justify to the Court the amount requested and its reasonableness under Local Rules 54.2(c)(3), (d) and (e). Plaintiff's counsel may file a responsive memorandum to Defendant's application, as provided in Local Rule 54.2(f), by February 12, 2019. The Court will enter an award of Defendant's attorney's fees and costs against Plaintiff's counsel upon review of the parties' submissions.

IT IS FURTHER ORDERED granting Defendant leave to file a motion to extend case management deadlines, as required, based on Plaintiff's tardy initial disclosures under the MIDP.

Dated this 18th day of January, 2019.

Honorable John J. Tuchi
United States District Judge